IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICTOR J. JENKINS,
    Plaintiff,

vs.                                   Case No.: 3:14cv505/RV/EMT

SALVATION ARMY
and BOB CORNETT,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, commenced this action by filing a civil complaint under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 (doc. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

I.     BACKGROUND

In Plaintiff's Amended Complaint, which is the operative pleading, he names the Salvation Army and its director, Bob Cornett, as Defendants (doc. 6). Plaintiff alleges he asked a Salvation Army employee to sell him a picture of Dr. Martin Luther King, which was for sale in the Salvation Army's thrift store (*id.* at 3). Plaintiff alleges Defendant Cornett refused to sell him the picture and then "kicked him out" for no reason (*id.*). Plaintiff alleges Defendant Cornett now has possession of the picture and refuses to sell it to the public (*id.*). Plaintiff additionally alleges Mr. Cornett obtained a trespass warrant excluding Plaintiff from entering the Salvation Army's property, even though Plaintiff alleges he did nothing wrong (*id.*). Plaintiff alleges Defendants violated his First Amendment right to freedom of speech and the press, his Fourth Amendment right to be free from unreasonable searches and seizures, his Fifth Amendment right to due process, and the Thirteenth

Amendment's slavery prohibition (*id.* at 4). As relief, he seeks compensatory damages and an injunction requiring Defendants to permit him to buy the picture of Dr. Martin Luther King, and terminating Defendant Cornett's employment (*id.*).

II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the amended complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

III.    ANALYSIS

Plaintiff alleges violations of his federal constitutional rights and seeks monetary damages and injunctive relief for the alleged constitutional violations. Section 1983 of Title 42 of the United States Code provides for the recovery of monetary damages for an alleged violation of a right

secured by the Constitution or other federal laws; however, two essential elements must be present: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).  A private party does not normally act under color of state law and is therefore not subject to suit under section 1983.  *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met:  "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')."  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

In the instant case, Plaintiff does not allege any facts suggesting the Salvation Army or its director, Mr. Cornett, acted under color of state law, and the court is aware of no such facts or, relatedly, any facts indicating that the organization or its director can be viewed as state actors.  Therefore, Plaintiff cannot state a plausible claim for relief under § 1983.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 5<u>th</u> day of January 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**